## THE STATE *v.* M. L. JENKINS.

1. CRIMINAL LAW.  *Maltreatment of convicts.  Statutes in reference thereto repealed.  Laws of* 1882, *pp.* 19, 22.  *Laws of* 1884, *p.* 24.  *Code of* 1892, *chs.* 23, 101; *Ib.*, § 3.

    The act of March 9, 1882, "to define the duties of the superintendent of the penitentiary and for other purposes" (Laws, p. 19); the act of same date "to provide against the maltreatment of convicts," (Laws, p. 22); and the act of March 15, 1884, amendatory of the act first above mentioned (Laws, p. 24), were repealed by § 3, code of 1892, the subjects to which they relate having been "revised, consolidated and re-enacted" in said code, by which the leasing of convicts was abolished and their management vested in a board of control.  Code of 1892, chs. 23, 101.

2. SAME.  *Indictment under repealed statute.  Laws* 1882, *p.* 22.  *Demurrer.*

    It is not error to sustain a demurrer to an indictment for the maltreatment of convicts framed under section 1 of the act of March 9, 1882 (Laws, pp. 22, 23), that was found after the repeal of said act, and that fails to meet the requirements of the common law in omitting to set forth of what the ill treatment consisted.

FROM the circuit court of Washington county.
HON. R. W. WILLIAMSON, Judge.

*Wiley N. Nash,* attorney-general, for the state.

The two acts of 1882 (Laws, pp. 19, 22) and the act of 1884 (Laws, p. 24) are not repealed.  In other words, the subjects of those acts are not so "revised, consolidated and re-enacted" in the code of 1892 as to be repealed by § 3 of that code.  If they are repealed, we have no statutory penalty against the maltreatment of convicts—an omission of such gravity that it should not be lightly imputed to the legislature.  The brief of my associate refers in detail to the provisions of the code of 1892.

*B. G. Humphreys*, on the same side.

There is nothing in the code of 1892 that can be said to cover the subject of the maltreatment of convicts as a penal offense, and the act of 1882 on that subject is not repealed, therefore, by § 3, code 1892. Laws 1882, p. 22. Section 797, code 1892, refers to convicts in county jails, and may, perhaps, be said to cover the other act of 1882 in reference to the discharge of prisoners in county jails, etc. (Laws, p. 23); and § 3216, code 1892, provides that the statute of limitations shall not bar the right of a convict to maintain a civil action for damages sustained by reason of maltreatment, but neither in those sections nor anywhere else in the code is there prescribed any penalty for the maltreatment of convicts. The same remark is true of still another act of 1882—*i. e.*, that to define the duties of the superintendent of the penitentiary, etc. Laws, p. 19. The subject of that act is provided for in the code of 1892, but the particular subject of the maltreatment of convicts, made a criminal offense by the act of 1882, on which the indictment was framed (Laws, pp. 22, 23), is nowhere treated in that revision. Sections 3216 and 3218, code 1892, do not touch the subject, the former providing that every convict shall be treated humanely and kindly, and the latter that every convict shall be properly clothed.

As said by Woods, J., in *Jones* v. *Melchior*, 71 Miss., 119: "We must read the laws together to ascertain if they are inharmonious, repugnant the one to the other." The law does not favor the repeal of a statute by implication, and hence, when two statutes are seemingly repugnant, they must be so construed, if possible, that the latter shall not be a repeal of the former by implication. *McAfee* v. *Southern Railroad Co.*, 36 Miss., 669; *Richards* v. *Patterson*, 30 Miss., 583; *Southern Railroad Co.* v. *City of Jackson*, 38 Miss., 334. They must be so construed that both may stand and harmonize, if possible. *Commercial Bank* v. *Chambers*, 8 Smed. & M., 9.

Argued orally by *Wiley N. Nash*, attorney-general, for the state.

WHITFIELD, J., delivered the opinion of the court.

A careful consideration of ch. 16, laws of 1882, p. 22; ch. 15, laws of 1882, p. 19; ch. 18, laws of 1884, p. 24, and the provisions of chs. 23 and 101, code of 1892, makes it clear that § 3, code of 1892, operated as a repeal of the said above specified acts of 1882 and 1884. One of these acts was an act "to define the duties of the superintendent of the penitentiary and for other purposes," and the other was an "act to provide against the maltreatment of convicts." The maltreatment referred to in this latter act was clearly maltreatment by a "contractor, subcontractor or any other person" in the employ of such contractor or subcontractor "having the custody of any convict." Both acts were parts of the system of law at that time governing the leasing of convicts. That whole subject was "revised, consolidated and re-enacted" in the code of 1892. The lease system has been most wisely abolished (§ 3201, Code of 1892), and the authority to provide for and control the convicts vested in a board of control. See specially §§ 3172, 3173, 3176, 3202, 3216. The indictments in these cases are specifically framed on § 1 of the act of March 9, 1882 (Laws, pp. 22, 23) following the language of the statute, and must fall with the repeal of the statute on which they are based. Considered as common law indictments for ill treatment, under the last count in the indictments, they are insufficient for not setting forth in what the ill treatment consisted with reasonable clearness and certainty. It may be that legislation is needed, and would be highly proper. Certainly no just safeguard against the neglect or abuse of persons so wretched and defenseless should be omitted.

*The demurrers were properly sustained.*